IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0241-WS-C |
| ) | |
| CAROLINE R. ETHERTON, ) | |
| ) | |
| ) | |
|     Respondent. ) | |

**ORDER**

    This matter is before the Court on the United States of America's Petition to Enforce Internal Revenue Service Summons (doc. 1). This Petition was filed pursuant to 26 U.S.C. § 7402(b), which confers jurisdiction upon federal district courts to compel taxpayers' compliance with summonses issued by the Internal Revenue Service ("IRS").

    The Petition reflects that the IRS is investigating the collection of the tax liabilities of respondent Caroline R. Etherton ("Etherton") for the 1998 tax year. (Breeland Decl., ¶¶ 2, 8.) Pursuant to that investigation, the IRS issued a Summons to Etherton on May 27, 2004, directing her to appear before an IRS representative on June 18, 2004, to provide testimony and to produce certain enumerated documentation. (Exh. 2.)[1] The return of service reflects that Etherton was personally served with the Summons on May 27, 2004. (*Id.*) Etherton did not appear in response to the Summons. (Breeland Decl., ¶ 5.) The IRS contacted Etherton on at least two subsequent occasions in an attempt to secure her compliance, to no avail. In particular, on December 21, 2004, the IRS sent Etherton a letter warning her that legal proceedings could be initiated if she did not comply with the Summons on a

---

[1] The Summons called for Etherton to produce the following categories of documents: (a) copies of deeds to properties in which she had an interest; (b) bank statements and canceled checks for March, April and May of 2004; (c) statements for all investment, savings, and retirement accounts in which she had an interest; (d) personal income and expense information necessary to complete a Form 433-A; and (e) pay off statements for loans and mortgages for which she was responsible.

designated appearance date of January 6, 2005. (Crump Decl., ¶ 2.) Etherton once again failed to appear. As a result, on April 5, 2005, Assistant United States Attorney Charles Baer sent a letter to Etherton advising her that if she did not contact the IRS by April 20, 2005 to arrange for compliance, the United States would file suit to compel her to do so. (Baer Decl., ¶ 2.) Etherton did not comply with the Summons, and did not even acknowledge the April 5 correspondence, prior to the Petition being filed on April 22, 2005.

On April 25, 2005, the undersigned entered a Show Cause Order (doc. 3) finding that the United States had made a *prima facie* showing to compel compliance and directing Etherton to show cause why the IRS Summons should not be enforced. In her *pro se* response, Etherton offers three distinct arguments in her own defense. First, she questions the need for an investigation into her 1998 tax liability at all because she maintains that her tax liability for that year has previously been established. Second, she apparently attributes her failure to comply with the Summons to a series of "failures of communication" between her husband, Rayford Etherton (who is not named as a target or recipient of the Summons), and the IRS. Third, she challenges the relevance of certain documentation encompassed by the Summons, including specifically the bank records from 2004.

None of Etherton's arguments are compelling. Her objection to the investigation overlooks the fact that the IRS's stated purpose is to investigate <u>collection</u> of her 1998 tax liability, not to determine such liability. As such, the mere fact that her 1998 tax liability has already been established does not reasonably call into question whether the IRS investigation has been brought for a proper purpose, and cannot excuse her from compliance with the Summons. As for the purported "failures of communication," the record before the Court reflects that Etherton herself must shoulder much of the blame for any such miscommunication.[2] While she complains that she did not receive the December

---

[2]    Although she protests that all or nearly all communications with the IRS regarding the Summons have been handled by her husband on her behalf, the fact remains that Etherton (and not her husband) was named in the Summons and is named as Respondent herein. Thus, it is she who is responsible for ensuring that there are no communication breakdowns in her dealings with the IRS relative to that Summons. Etherton can neither plead ignorance nor evade accountability for the acts and omissions of her agent/spouse in dealing with the IRS in this matter.

21, 2004 "last chance" letter, Etherton does not deny that she received the Summons in May 2004, that she received a voice mail message in early 2005 advising her of the IRS's ongoing efforts to enforce that Summons, or that she received AUSA Baer's "last chance" letter dated April 5, 2005.  Clearly, she has had ample notice, ample opportunity to comply with the Summons, and ample opportunity to avert this litigation during the last 12 months.  Yet she has still failed to comply.

Etherton acknowledges that she did not respond to AUSA Baer's "last chance" letter until after the stated deadline had expired and this Petition had been filed.  Nonetheless, she explains that good-faith attempts were made to comply with the Summons prior to the May 16 deadline for responding the Show Cause Order in this action, but that "further failures of communication" frustrated those efforts.[3] Such vague excuses about communication problems do not absolve Etherton from compliance with the Summons, particularly in the face of evidence of her chronic pattern of noncompliance with a lawful IRS Summons for nearly a year after its issuance.

Finally, Etherton's undeveloped, conclusory objection to the relevance of the 2004 bank statements is not well-taken, as it misapprehends the purpose of the IRS inquiry.  As stated *supra*, the IRS is not trying to ascertain her 1998 tax liability, but is rather endeavoring to collect on that liability.  Given that the present investigation concerns collection of outstanding tax liabilities, Etherton's financial activities during the three month period immediately preceding issuance of the Summons appear manifestly relevant in identifying potential collection sources.  To the extent that Etherton believes otherwise, it is incumbent on her to voice that objection in the form of a cogent legal argument, presented in the context of a motion for protective order or similar pleading.  This Court will not

---

[3] Etherton does not specify the circumstances of those communication failures.  However, evidence presented by the United States shows that on May 2, 2005, AUSA Baer advised Etherton via e-mail that she must appear before the IRS on either May 4 or May 13, 2005.  (Exh. 6.)  The evidence further shows that on May 2, 2005, Etherton, by and through her husband, responded by e-mail to AUSA Baer that "We will make arrangements for the May 13 date."  (Exh. 7.)  Notwithstanding this e-mail exchange, Etherton did not appear on May 13.  (Amended Reply of United States (doc. 6), at 1.)  The record offers no inkling as to why Etherton neglected to appear.  Given the parties' unambiguous agreement, it is unclear how Etherton's noncompliance on May 13 could possibly be attributed to "failures of communication."

formulate Etherton's legal arguments for her, nor will it curtail the scope of the Summons based on a half-hearted, unsupported objection that is not presented via an appropriate motion.[4]

In short, Etherton has failed to make any showing that might militate against enforcement of the Summons against her. The Court does not doubt that Etherton's dealings with the IRS have been longstanding and unpleasant for her. However, neither the length of the IRS investigation nor any acrimony attendant thereto allows her to disregard an IRS Summons that has been issued for a legitimate purpose, where the inquiry is relevant to that purpose, the information sought is not already in IRS custody, the requisite administrative steps have been followed, and there has been no criminal referral. *See, e.g., United States v. Insurance Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999) ("To obtain enforcement of a summons, the government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought is relevant to the investigation and (3) not already in the government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed."). All of those criteria are satisfied here. Nor has Etherton made any showing sufficient to meet her heavy burden of establishing that the IRS is acting in bad faith or that enforcement of the Summons would be an abuse of the Court's process. *See, e.g., Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996) (once Government has established *prima facie* case, taxpayer bears a heavy burden of proving "that enforcement of the summonses would be an abuse of the court's process"); *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995) ("Once a prima facie case is made a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith.") (citations omitted).

For all of the foregoing reasons, the United States' Petition to Enforce Summons is **granted**. Respondent Caroline R. Etherton is hereby **ordered** to comply with the Summons in full at a mutually

---

[4] A similar result obtains to Etherton's request that she be excused from appearing in person before the IRS and that she instead be permitted to respond to the IRS inquiry in affidavit form. She proffers neither legal authority that might authorize such a modification to the Summons nor any recitation of circumstances that might reasonably render it inappropriate for her to appear in person. As such, the Court declines to judicially amend the Summons in the manner that she suggests.

agreeable time and place, by no later than **June 20, 2005**.[5]  The United States is directed to submit a written status report on or before **June 20, 2005**, so that the Court may enter further orders or close this file, as appropriate.

DONE and ORDERED this 20th day of May, 2005.

                                                                                s/ WILLIAM H. STEELE
                                                                                UNITED STATES DISTRICT JUDGE

---

[5]     Etherton's requests for a reasonable amount of time to produce responsive documents, and to seek legal representation, are duly noted.  The Court finds that the compliance time frame set forth herein is more than adequate to allow Etherton to marshal the requested documents and to search for counsel, should she wish to do so.  This is particularly true given that Etherton has had actual knowledge of the Summons for nearly a year, during which time she was fully able to assemble the relevant documents and retain counsel if she wished.  Etherton's failure to avail herself of that opportunity in a reasonably diligent manner does not justify further prolonging the Summons enforcement proceedings at this time.